IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01833-WYD-MJW

MO SANJIB SIKDER,

    Applicant,

v.

ATTORNEY GENERAL ALBERTO GONZALES,

    Respondent.

---

**ORDER**

---

THIS MATTER is before the Court in connection with Applicant's pleading entitled "Objections to the Decisions of the District [sic] Judge Regarding the Motions for the Expenses and the Motions under the Rule 58 which Followed under the Sec. § 18.2 of the Sec. § 2241 of the Habeas Corpus Statute. 28 U.S.C." (filed November 7, 2005).  I interpret this pleading to be objections to Magistrate Judge Schlatter's Order Denying Motions and Drawing the Case to a District Judge and to a Magistrate Judge [hereinafter "Order"] filed November 1, 2005.

That Order denied Applicant's "Motion for Expenses . . ." and his "Motion for Time to Extend . . . ", both filed September 21, 2005.  Magistrate Judge Schlatter notes therein that "[f]or the most part, the substance of each Motion is simply a redundant statement of Applicant's claims."  Order at 1.  Further, to the extent Applicant requested an extension of time or compensation for expenses, Magistrate Judge Schlatter found

"no basis for granting an extension to file an appeal or for compensating Applicant for any expenses he has incurred." *Id.*

Since Applicant filed timely objections, I must review Magistrate Judge Schlatter's Order to determine whether it is "clearly erroneous or contrary to law" since the nature of the motions at issue is nondispositive. FED. R. CIV. P. 72(a). "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 242 (D. Colo. 1993).

As to the motion for expenses, Applicant asserts that he has no past expenses, and all his expenses are for the future. Applicant's motion for expenses did not make that clear, and I find no error in the magistrate judge's decision to deny the motion. As he noted, Applicant sought no past expenses. To the extent Applicant's motion sought future expenses, the motion is premature and also subject to denial. The Court does not make advisory rulings as to expenses that may be incurred in the future by a party.

The remainder of the objections appear to be addressed to the merits of the habeas petition, which arguments are not proper in connection with objections to the Order at issue. Magistrate Judge Schlatter directed Applicant not to file additional documents that are simply a restatement of Applicant's claims, and Applicant is put on notice that such documents are improper and will be stricken. To the extent Applicant makes other objections to the Order that are not specifically referenced herein, I find no merit to them.

Accordingly, it is

ORDERED that the Order Denying Motions and Drawing the Case to a District Judge and to a Magistrate Judge filed November 1, 2005, is **AFFIRMED and ADOPTED**.  It is

FURTHER ORDERED that Applicant's Objections to the Order filed November 7, 2005, are **DENIED**.

 Dated:  January 17, 2006

                                                                  BY THE COURT:

                                                                   s/ Wiley Y. Daniel
                                                                   Wiley Y. Daniel
                                                                   U. S. District Judge