IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01833-WYD-MJW

MO SANJIB SIKDER,

Petitioner,

v.

ALBERTO GONZALES,

Respondent.

---

**RECOMMENDATIONS ON
RESPONDENT'S MOTION TO TRANSFER TO COURT OF APPEALS
(Docket No. 43)
and
PETITIONER'S MOTIONS TO STAY (Docket Nos. 18, 34, 37, and 60),
MOTIONS TO EXPEDITE HIS MOTIONS FOR STAY OF REMOVAL
(Docket Nos. 38 and 61), and
MOTION FOR DETERMINATION (Docket No. 52)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to a Order of Reference to Magistrate Judge issued by District Judge Wiley Y. Daniel on November 7, 2005 (Docket No. 45).

The pro se petitioner, Mo Sanjib Sikder, is a native of Bangladesh and is in the custody of the United States Immigration and Customs Enforcement.  According to the respondent, the petitioner entered the United States on August 28, 1991, at Seattle, Washington, on a student visa, and was given permission to remain in this country temporarily until December 31, 1999.  Petitioner, however, did not leave the country on

December 31, 1999, and did not receive permission to extend his stay.  Therefore, removal proceedings were initiated, during which the petitioner requested asylum, withholding of removal, and protection under the Convention Against Torture.  A hearing was held, the Immigration Judge denied the petitioner's requested relief on May 18, 2005, and the petitioner was ordered removed to Bangladesh.  Petitioner appealed that decision to the Board of Immigration Appeals, which affirmed the Immigration Judge's decision on September 6, 2005, and all requested relief was denied.

On **September 8, 2005**, petitioner submitted to this court two Notices of Appeal and sixteen other documents from which it appeared that he was attempting to challenge the constitutionality of his immigration proceedings.  (See Docket No. 2).  Therefore, his action was construed as one filed pursuant to 28 U.S.C. § 2241, and the petitioner was directed to cure specified deficiencies.  (Docket No. 2).  Petitioner subsequently filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 30), and he has since filed a myriad of papers, most of which are rambling and not models of clarity, including all sorts of appendices and exhibits and the following motions:  four motions for a stay of removal/deportation/execution and pre-trial proceedings (Docket Nos. 18, 34, 37, and 60), two motions to expedite his motions for stay of removal (Docket Nos. 38 and 61), and a motion for determination as to whether there is jurisdiction in the District Court or the Circuit Court (Docket No. 52).  From a review of all of the petitioner's submissions it appears that he essentially seeks relief from or a review of the removal order.

3

Now before the court are a number of motions by the petitioner seeking a stay of his removal (Docket Nos. 18, 34, 37, and 60), motions by the petitioner to expedite rulings on the motions for a stay (Docket Nos. 38 and 61), petitioner's motion for a determination of jurisdiction (Docket No. 52), and the Respondent's Motion to Transfer to Court of Appeals (Docket No. 43).  Petitioner filed a response to the latter motion (Docket No. 57) in which he "respectfully requests the Honorable Court to transfer the case to the Court of Appeals." (Docket No. 57 at 12).  The court now being fully informed, makes the following findings, conclusions, and recommendation that the respondent's motion be denied but that the matter be dismissed without prejudice and petitioner's motions for a stay and expedited consideration be denied without prejudice.

The Real ID Act of 2005 ("the Act"), was enacted on May 11, 2005, section 106 of which amended 8 U.S.C. § 1252 by adding the following jurisdictional provision:

> (a)(5) Exclusive means of review
>
> Notwithstanding any other provision of law (statutory or nonstatutory), **including section 2241 of Title 28**, or any other habeas corpus provision, and sections 1361 and 1651 of such title, **a petition for review filed with an <u>appropriate court of appeals</u> in accordance with this section shall be the <u>sole and exclusive means for judicial review</u> of an order of removal entered or issued under any provision of this chapter**, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (emphasis added).  The Act now clearly mandates that except in limited circumstances not presented here that the petition be filed in the appropriate

4

court of appeals. The Act "also provides that, if any case brought pursuant to 28 U.S.C. § 2241 challenging a final order of removal, deportation and exclusion 'is pending in a district court' on the date the Act became effective–May 11, 2005–'then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed. . . ." Walker v. Gonzalez, 2006 WL 273238, *1 n.2 (N.D.N.Y. Jan. 31, 2006).

Petitioner here, however, commenced this action in the District Court months after the date the Act became effective. Because the action was not pending on the Act's effective date, May 11, 2005, there is no authority in the Act for this court to transfer this case to the appropriate court of appeals. Id.; Walters v. Chertoff, 2005 WL 3416124 (D. Conn. Dec. 12, 2005); Pachaco-Tellez v. Gonzalez, 2005 WL 3113161, at *1 (D. Ariz. Nov. 21, 2005); Nnabuihe v. Bureau of Immigrations & Customs Enforcement, 2005 WL 2545284, at *2 (N.D. Tex. Oct. 11, 2005) ("[A]ccording to the plain language of the statute, this Court may not transfer this case to the court of appeals because the petition was not pending on May 11 . . . ."); Griffith v. Department of Homeland Security, 2005 WL 2338866, at *1 (W.D.N.Y. Sept. 21, 2005). Instead, the Act clearly provides in pertinent part that "a petition for review **filed with an appropriate court of appeals in accordance with this section** shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5) (emphasis added). Therefore, respondent's motion to transfer should be denied.

5

Nevertheless, pursuant to the Act, this court is without jurisdiction to hear the petitioner's claims or to grant him the relief he seeks in his motions, such as a stay of the order of removal.  See Rodney v. Gonzalez, 2006 WL 73731, at *2 (E.D.N.Y. Jan. 10, 2006) ("By depriving district courts of jurisdiction to hear cases challenging final orders of removal, Congress necessarily deprived district courts of jurisdiction to grant stays of removal in such cases.  Under INA § 242(b)(3)(B), 8 U.S.C. § 1252(b)(3)(B), the only court that may issue a stay is the court that will issue a 'decision on the petition.'"); Morrison v. Maurer, 2005 WL 2293651, at *2 (D. Colo. Sept. 19, 2005) (Blackburn, J.) ("Under § 1252(a)(5) I do not have jurisdiction to engage in [a review of the removal order] or to [enjoin execution of the removal order].  Section 1252(a)(5) is clarion on this point.  [Petitioner's] petition should be dismissed for lack of jurisdiction to the extent she seeks review of the removal order, or any form of relief that affects the validity or execution of the removal order."); Robinson v. Mule, 2005 WL 1971893, at *1 (W.D.N.Y. Aug. 15, 2005) (Effective May 11, 2005, a district court lacks jurisdiction to review removal order or to stay an order of removal); Munoz v. Gonzalez, 2005 WL 1644165, at *1 (S.D.N.Y. July 11, 2005) (same).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Respondent's Motion to Transfer to Court of Appeals (Docket No. 43) be denied.  However, it is further

**RECOMMENDED** that this action be dismissed without prejudice for lack of jurisdiction. It is thus further

**RECOMMENDED** that the petitioner's motion for determination as to whether

6

there is jurisdiction in the District Court or the Circuit Court (Docket No. 52) be granted, but only to the extent that the court finds that it does not have jurisdiction over the petitioner's claims and relief sought.  It is thus further

**RECOMMENDED** that the petitioner's four motions for a stay (Docket Nos. 18, 34, 37, and 60) and two motions to expedite his motions for stay of removal (Docket Nos. 38 and 61) be denied without prejudice.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: March 9, 2006                             s/Michael J. Watanabe
         Denver, Colorado                          Michael J. Watanabe
                                                              United States Magistrate Judge