IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01833-WYD-MJW

MO SANJIB SIKDER,

   Applicant,

v.

ATTORNEY GENERAL ALBERTO GONZALES,

   Respondent.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on various motions in this case, including Respondent's Motion to Transfer to Court of Appeals and Petitioner's Motions to Stay, Motions to Expedite His Motions for Stay of Removal, and Motion for Determination. These motions, relating to Petitioner's habeas corpus petition, were referred to Magistrate Judge Watanabe for a recommendation by Order of Reference dated November 7, 2005.

Magistrate Judge Watanabe issued Recommendations on March 9, 2006, which are incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), F<small>ED</small>. R. C<small>IV</small>. P. 72(b). The Recommendations find that this Court is without jurisdiction, since the REAL ID Act of 2005 ["RIDA"] vests jurisdiction of this habeas petition seeking review of an immigration removal order with the appropriate court of appeals.  Recommendation at

3-4 (citing 8 U.S.C. § 1252(a)(5)).[1] Accordingly, Magistrate Judge Watanabe recommends that this action be dismissed without prejudice for lack of jurisdiction, that Respondent's Motion to Transfer to Court of Appeals be denied, that Petitioner's Motion for Determination be granted only to the extent the Court determines that there is no jurisdiction over this case, and that Petitioner's four motions for a stay and two motions to expedite his motions for stay of removal be denied without prejudice. *Id.* at 4-6.

On March 22, 2006, Petitioner filed a timely objection, which necessitates a de novo determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Respondent filed a response to Petitioner's objections on April 6, 2006, and Petitioner was granted leave to file a reply which was accepted for filing on April 18, 2006.

The objections and Petitioner's reply assert that Petitioner will suffer undue hardship in connection with his life, liberty and freedom if this case is dismissed. Petitioner cites a number of authorities in support of his argument that this Court should exercise jurisdiction over this case since he is attacking the constitutionality of the RIDA, and argues that the Act violates the right to a habeas corpus remedy. Petitioner also asserts that there is no law that forbids the Court from exercising jurisdiction to decide the constitutional question posed by the habeas petition, and that there has

---

[1] Magistrate Judge Watanabe found in this case that Petitioner is seeking relief from the September 6, 2005, Bureau of Immigration Appeal's decision affirming the Immigration Judge's May 18, 2005 decision ordering Petitioner's removal.

been a gross miscarriage of justice which gives rise to jurisdiction.  I note that the objections and the reply filed by Petitioner as well as the exhibits thereto are rather voluminous and hard to decipher, at least in part.

In response, Respondent asserts that Magistrate Judge Watanabe correctly analyzed the relief sought by Petitioner and correctly applied the law in determining that this Court does not have jurisdiction to grant the relief Petitioner seeks.[2]  I agree with Respondent that Petitioner has failed to show that this Court has jurisdiction over the relief sought by him, or that Magistrate Judge Watanabe erred in his Recommendation.  Contrary to Petitioner's contention in his objections, the "Stay of Removal" (docket # 18) and other documents filed in this Court by Petitioner do appear to seek a judicial determination that the removal order should be declared void.

While Petitioner may also challenge the constitutionality of the RIDA, Petitioner has not cited any authority that this Court has jurisdiction to hear such claims.  Indeed, the RIDA specifically states that no provision of RIDA that limits or eliminates judicial review "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D).  Accordingly, it is clear that Congress meant for the appropriate court of appeals to determine constitutional challenges in addition to challenges to removal orders.  Further, Petitioner does not show that the magistrate judge misapplied the law, nor does he distinguish or explain

---

[2] Petitioner's contention that the response is not a "pleading" and that the Court should not consider it is meritless.

why the authorities cited by Magistrate Judge Watanabe do not support the Recommendation to dismiss this case for lack of jurisdiction. The cases cited by Petitioner in his Objections either predate the RIDA or have no applicability to the issue before the Court. Accordingly, Petitioner's objections are overruled, and the Recommendations are affirmed.

Finally, Petitioner filed a pleading entitled "Motion to Correct the Doc. No., 30; prior to the decision of the Hon. District judge," along with a new Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, on April 25, 2006. The motion seeks to file a new habeas petition correcting errors in the original petition; namely, to show that Petitioner's habeas petition challenges the legality of the RIDA and asserts a gross miscarriage of justice. This is the same argument made by the Petitioner in the objections and rejected by the Court as a basis for jurisdiction. Accordingly, allowing Petitioner's Motion to Correct the Doc. No. 30 is denied on the basis of futility, as the Court would still not have jurisdiction over this case is the amended habeas petition was accepted for filing.

Based upon the foregoing, it is

ORDERED that the RECOMMENDATIONS ON RESPONDENT'S MOTION TO TRANSFER TO COURT OF APPEALS (Docket No. 43) and PETITIONER'S MOTIONS TO STAY (Docket Nos. 18, 34, 37, and 60), MOTIONS TO EXPEDITE HIS MOTIONS FOR STAY OF REMOVAL (Docket Nos. 38 and 61), and MOTION FOR DETERMINATION (Docket No. 52) filed March 9, 2006, are **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Respondent's Motion to Transfer to Court of Appeals (Docket No. 43) is **DENIED**. It is

FURTHER ORDERED that Petitioner's Motion for Determination (Docket No. 52) is **GRANTED IN PART AND DENIED IN PART**. It is granted only to the extent it requests a ruling as to whether there is jurisdiction in this case, and I find that the Court does not have jurisdiction. It is

FURTHER ORDERED that Petitioner's motions for a stay (Docket Nos. 18, 34, 37, and 60) and motions to expedite his stay of removal (Docket Nos. 38 and 61) are **DENIED WITHOUT PREJUDICE**. It is

FURTHER ORDERED that Petitioner's "Motion to Correct the Doc. No. 30; prior to the decision of the District judge" filed April 25, 2006, seeking leave to file the amended habeas petition submitted by Petitioner on the same date, is **DENIED** as futile. Finally, it is

ORDERED that this case is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Dated: April 28, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge