UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01833-WYD-MJW

MO SANJIB SIKDER,

      Applicant,

v.

ATTORNEY GENERAL ALBERTO GONZALES,

      Respondent.

_____

**ORDER**
_____

THIS MATTER is before the Court on Petitioner's Motion to Reconsider and his pleading entitled "Motion to Stay of Removal on an extremely emergency basis Pending the reconsideration." These motions were filed May 2, 2006. Responses to these motions were filed May 9, 2006, and a reply and a "Certificate" were filed by Petitioner on May 16, 2006. For the reasons stated below, Petitioner's motions are denied.

Petitioner's motions were filed within ten (10) days of entry of judgment. Accordingly, I will consider the Motion to Reconsider as a motion filed under FED. R. CIV. P. 59(e). *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). There are three major grounds that justify reconsideration under Rule 59(e): "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

A motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*; *see also Mantle Ranches, Inc. v. U.S. Park Serv.*, 950 F. Supp. 299, 300 (D. Colo. 1997) ("'a motion for reconsideration is not a license for a [party] to get a 'second bite at the apple'" and make legal arguments that could have been raised before"). Such a motion "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 2995).

In the case at hand, I deny Petitioner's Motion to Reconsider.  The motion merely makes many of the same arguments previously argued by Petitioner and/or asserts arguments that could have been raised before.  Petitioner does not cite any change in the law or new evidence previously unavailable.  Further, I find that Petitioner has not shown a need to correct clear error or prevent manifest injustice. The motion appears to be an attempt by Petitioner to get a "second bite at the apple" in arguing why the Court should exercise jurisdiction over Petitioner's claims.  I find no basis to reconsider my ruling that this Court lacks subject matter jurisdiction over Petitioner's claims.

Petitioner's pleading entitled "Motion to Stay of Removal on an extremely emergency basis Pending the reconsideration" is also denied.  The request for a stay is moot in light of my denial of Petitioner's Motion to Reconsider.

In conclusion, it is

ORDERED that Plaintiff's Motion to Reconsider is **DENIED**.  It is

FURTHER ORDERED that Plaintiff's pleading entitled Motion to Stay of

Removal on an extremely emergency basis Pending the reconsideration" is **DENIED**.

Dated:  May 25, 2006

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge